STACEY WASHINGTON               :     SUIT NUMBER: 592,357-A

VERSUS                          :     1ST JUDICIAL DISTRICT COURT

WAL-MART STORES, INC. D/B/A     :     CADDO PARISH, LOUISIANA
WAL-MART

PERMANENT ASSIGNMENT            :     SECTION: _____

### PETITION FOR PERSONAL INJURIES

NOW INTO COURT, through undersigned counsel of record, comes and appears petitioner,

STACEY WASHINGTON, a person of the full age of majority, who with respect represents to the

Court the following:

I.

Made the defendant in this petition is the following:

**WAL-MART STORES, INC. D/B/A WAL-MART,** (sometimes herein referred to as

"WAL-MART") a foreign corporation authorized to and doing business in the State of

Louisiana, having appointed C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge,

Louisiana 70816, as its agent for service of process.

2.

The parties hereto, the subject matter hereof, and all matters and things herein contained are

within the jurisdiction of this Honorable Court.

3.

The wrongful act which injured petitioner, STACEY WASHINGTON, occurred on or about

April 24, 2015.

4.

The incident happened at the defendant's, WAL-MART'S, premises located on Mansfield

Road, City of Shreveport, Parish of Caddo, State of Louisiana.

5.

Immediately prior to the accident, the petitioner, STACEY WASHINGTON, purchased

various products from WAL-MART at the checkout stand. The petitioner then began walking

towards the exit to the defendant's, WAL-MART store. Suddenly and without warning the

PGS 10 EXH _____ MIN _____
CC _____ CP _____ MAIL _____ N/J _____
INDEX 2 REC _____ FAX _____
W/D DOC _____ CERT MAIL _____
SERVICE _____

4057
J. Cooper -
$300

APR 2 2 2016
TORI HAYES
DEPUTY CLERK OF COURT

petitioner's feet slid out from under her and she fell to the floor sustaining severe injuries.  There was a slippery substance on the floor of the defendant's WAL-MART store, which after being stepped in by the petitioner, caused the petitioner, STACEY WASHINGTON, to slip, fall and suffer severe injuries and damages.  The defendant, WAL-MART, through its employees/servants/agents had actual and/or constructive knowledge of the presence of the slippery substance on the floor of the defendant's premises prior to the time of the petitioner's fall.  Nevertheless, the defendant failed to take all appropriate actions to remedy the unreasonably dangerous condition, which the substance posed and prevent petitioner and others from falling on the unreasonably dangerous substance on the defendant's floor.  The defendant, WAL-MART, also failed to put out caution signs that were easily visible and/or which provided an adequate and/or proper warning and/or provide other adequate and proper warnings to the petitioner that the floor had a slippery substance on it.  The defendant, WAL-MART, further failed to remove the substance from the floor and/or block or restrict access to the unreasonably dangerous area of the floor.

6.

The defendant, WAL-MART, and its employees/servants/agents should have remedied the hazardous and unreasonably dangerous condition on its premises and adequately warned of its presence, and the defendant is guilty of fault, breach of duties and negligence. The defendant, WAL-MART, had a duty to adequately and properly warn the petitioner of the hazardous and unreasonably dangerous condition that it failed to remedy and allowed to be present on its premises and had a duty to keep its premises in a safe condition.  The defendant, WAL-MART, should have taken all reasonable steps to protect petitioner and others in the store from falling on the wet and unreasonably dangerous floor.  The defendant should have removed the substance on the floor and/or restricted access to the wet area of the floor until it was dry.  The defendant should have caused wet floor and/or caution signs and/or provided other warnings to be placed in easily visible areas where the hazardous condition was created.  As a result of the negligence of the defendant, WAL-MART, and its employees/servants/agents, the defendant is liable for all of the injuries and other damages sustained by your petitioner.

7.

The terrible fall which resulted from the fault, breach of duties and negligence of the defendant, WAL-MART, and its employees/servants/agents caused severe injuries and damages to the petitioner.

8.

Your petitioner, STACEY WASHINGTON, was completely free from any and all negligence, fault or breach of duties which in any manner contributed to her injuries and damages. Your petitioner did not do anything or fail to do anything that caused or in any way contributed to her injuries and damages. Your petitioner will show that the incident was caused by the fault, breach of duties and negligence of the defendant, WAL-MART, and/or its employees/servants/agents for which it is vicariously liable.

9.

The fault, breach of duties and negligence of the defendant, WAL-MART, consists of the following nonexclusive particulars:

A. Creating a hazardous and unreasonably dangerous condition without taking all reasonable steps to protect petitioner and others;

B. Failing to remove the slippery substance from the floor of its premises;

C. Failing to timely and properly remove all slippery substances on its floor;

D. Failing to take all reasonable steps to remedy the hazardous and unreasonably dangerous condition;

E. Failing to properly and adequately warn petitioner of the presence of the hazardous and unreasonably dangerous condition;

F. Failing to place warning signs that were easily visible that the floor was wet and/or unreasonably dangerous;

G. Having actual and/or constructive knowledge that the floor was wet and slippery and failing to take all reasonable steps to prevent petitioner and others from being injured by the unreasonably dangerous condition of the floor;

H. Failing to take all reasonable and appropriate actions to avoid the petitioner's fall and

resulting injuries and damages;

I.     Failing to omit all actions that if not omitted would have avoided the petitioner's fall and resulting injuries and damages;

J.     Failing to act as a reasonable and prudent person would have acted under the same or similar circumstances.

Your petitioner states that each of the above acts or failures to act was the cause in fact of the fall and resulting injuries and other damages to your petitioner.

10.

The defendant, WAL-MART, should have maintained its premises in a safe condition. The defendant, WAL-MART, should have remedied the hazardous condition and/or properly and adequately warned of its presence to prevent the fall of the petitioner, STACEY WASHINGTON. The defendant, WAL-MART, is guilty of fault, breach of duties and negligence.

11.

The terrible fall caused severe, painful and disabling injuries to petitioner, STACEY WASHINGTON.

12.

Because your petitioner is not trained in medical terminology, she cannot describe the exact injuries sustained by her in precise medical terms in the same manner as can physicians. However, petitioner, STACEY WASHINGTON, will show that she sustained severe and excruciating injuries to her knee, shoulder, wrist, neck, back and other parts of her body as a result of this fall.

13.

As a result of the injuries that she suffered in this incident, your petitioner, STACEY WASHINGTON, has suffered past and future economic damages, as a result of this incident including but not limited to lost wages, lost earning capacity, lost economic opportunity and/or lost household services.

14.

Your petitioner, STACEY WASHINGTON, states that as a result of this wrongful act caused by the fault, breach of duties and negligence of the defendant, WAL-MART, she has suffered the

following damages:

    A.    Past and future physical pain and suffering as may appear reasonable in the premises;

    B.    Past and future mental pain and anguish as may appear reasonable in the premises;

    C.    Past and future physical disability as may appear reasonable in the premises;

    D.    Past and future loss of enjoyment of life as may appear reasonable in the premises;

    E.    Past and future humiliation and embarrassment as may appear reasonable in the premises;

    F.    Past and future physical impairment as may appear reasonable in the premises;

    G.    Past and future inconvenience as may appear reasonable in the premises;

    H.    Risk of traumatically induced arthritis as may appear reasonable in the premises;

    I.    Past and future medical, hospital, doctor, and/or chiropractic bills as may appear reasonable in the premises;

    J.    Past and future expenses for drugs, medicines and orthopedic devices as may appear reasonable in the premises;

    K.    Past and future expenses for physical therapy as may appear reasonable in the premises;

    L.    Past and future economic damages including lost wages, lost earning capacity, lost economic opportunity and/or lost household services as may appear reasonable in the premises.

15.

Petitioner's damages do not exceed $50,000.00, exclusive of interest and costs. Therefore, petitioner is only entitled to a trial before the bench.

16.

Your petitioner will be required to call at the trial on the merits, medical experts and other expert witnesses to establish the extent of her injuries and/or damages. Your petitioner is entitled to have these expenses taxed as additional costs of Court.

W H E R E F O R E,  your petitioner prays that:

1.

The defendant, WAL-MART STORES, INC. D/B/A WAL-MART, be served with a copy of this petition and cited to appear and answer same; ·

2.

After all legal delays and due proceedings had, that there be judgment in favor of your

petitioner, STACEY WASHINGTON, and against the defendant for the total amount of damages,

together with legal interest thereon from the date of judicial demand until paid, together with all

costs of these proceedings to include the costs for all expert witnesses of any description, including

but not limited to economic and medical experts;

3.

For all other relief, both general and equitable, necessary in the premises.

THE LAW OFFICE OF ALLEN COOPER, L.L.C.
551 Kings Highway
Shreveport, Louisiana 71104
Telephone:    (318) 865-5291
Facsimile:    (318) 865-5120

BY:_____
    J. ALLEN COOPER, JR., Bar No. 20762
    ZACHARY A. SHADINGER, Bar No. 35318
    ATTORNEYS FOR PETITIONER,
    STACEY WASHINGTON


PLEASE SERVE:

**WAL-MART STORES INC. D/B/A WAL-MART**
Through its agent for service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816