UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

STACEY WASHINGTON                          CIVIL ACTION NO. 16-1403

VERSUS                                     JUDGE ELIZABETH ERNY FOOTE

WAL-MART STORES, INC. &
WAL-MART LOUISIANA, LLC                    MAGISTRATE JUDGE HORNSBY
_____

## MEMORANDUM RULING

Before the Court is Defendants', Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC's ("Defendants"), motion for summary judgment. Record Document 6. Plaintiff filed a complaint in state court for damages allegedly suffered as a result of a slip and fall in a Wal-Mart store in Shreveport, Louisiana. Record Document 1-5. The case was subsequently removed and Defendants' motion for summary judgment was filed shortly thereafter. Record Documents 1, 6. For the reasons discussed below, Defendants' motion [Record Document 6] is **DENIED**. Defendants may re-urge their motion once discovery has been completed.

**I. Background**

Plaintiff Stacey Washington alleges that on April 24, 2015, she slipped on a clear liquid substance at a Wal-Mart store and suffered severe injuries. Record Document 1-5. Initially, there was some confusion over where the alleged accident occurred. Plaintiff's counsel sent a letter to the Wal-Mart store in Mansfield, Louisiana ("the Mansfield store"), dated May 4, 2015, advising that counsel was representing Plaintiff in

connection with a fall at that store on April 24, 2015. Record Document 10-2, p. 41. Plaintiff's counsel also states that he sent an identical letter addressed to the Wal-Mart store on Mansfield Road in Shreveport, Louisiana ("the Shreveport store"), dated May 7, 2015, also advising of a fall at that store on April 24, 2015. Record Document 9-2, p. 4. Plaintiff's counsel subsequently filed two lawsuits in April 2016: one against the Mansfield store (Record Document 10-2, p. 1) and one against the Shreveport store (Record Document 10-2, p. 10), both claiming damages from a fall occurring on April 24, 2015. The parallel suits, and much resulting confusion, continued until Plaintiff's deposition on June 10, 2016, during which Plaintiff's counsel stated that there was only one fall, and that the claim against the Mansfield store was brought in error, a result of confusion between Mansfield Road in Shreveport and the town of Mansfield. Record Document 10-2, p. 22.

The parties conducted discovery, but it was muddled by the two suits. For example, Defendants served answers to Plaintiff's interrogatories and requests for production, but many of the answers refer to the Mansfield store while several of the questions refer to the Shreveport store. Record Document 9-3.

About six months after the suit was filed, Defendants determined that the claim against them had exceeded $75,000 and removed the case. Record Document 1. Defendants then moved for summary judgment, arguing that there is no genuine dispute of material fact as to whether Defendants created or had actual or constructive notice of a spilled liquid that allegedly caused Plaintiff's fall. Record Document 7.

Plaintiff responds that the motion for summary judgment is premature because Plaintiff has not been allowed adequate time for discovery. Record Document 9. Plaintiff argues that under Federal Rule of Civil Procedure 56(d), the Court should allow additional time for discovery.

## II. Discussion

### A. Standard of Review

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order."

The nonmoving party must specify why additional discovery is needed and "how the additional discovery will create a genuine issue of material fact," not simply "rely on vague assertions that additional discovery will produce needed, but unspecified facts." Krim v. BancTexas Grp., Inc., 989 F.2d 1435, 1442 (5th Cir. 1993).

### B. Negligence Standard

Under Louisiana law, a merchant owes a duty to patrons to exercise reasonable care to keep its premises in a reasonably safe condition. La. R.S. 9:2800.6(A). When a party claims that she has been injured as a result of a condition existing on the merchant's premises, that party must prove:

"(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care." La. R.S. 9:2800.6(B).

Defendants argue that summary judgment is appropriate because Plaintiff has not shown that there was any condition that presented an unreasonable risk of harm or that Defendants created or had actual or constructive notice of any condition. Record Document 7, p. 8. Plaintiff counters that she has not been able to conduct the discovery that would create a dispute of fact as to these elements.

C. Additional Discovery

Plaintiff asserts three related claims in support of her argument that the motion for summary judgment is premature and time for additional discovery should be allowed: (1) Defendants' discovery responses relate to the Mansfield Wal-Mart Store, rather than the Shreveport Wal-Mart Store, (2) Defendants have not identified the employees working at the time of Plaintiff's fall, as requested during discovery, and (3) Defendants have not produced requested surveillance videos related to Plaintiff's fall. Record Document 9, pp. 4-5. Plaintiff's counsel attaches his affidavit alleging that the additional discovery is necessary to determine whether any Wal-Mart employee had actual or constructive notice of the liquid that allegedly caused Plaintiff's fall. Record Document 9-2.

Plaintiff first asserts that the motion for summary judgment is premature because "all of the defendants' discovery responses appear to relate to the Mansfield, Louisiana Wal-Mart not the Wal-Mart on Mansfield Road [in Shreveport] where this accident is alleged to have occurred." Record Document 9, p. 4. Understandably, Defendants operated on the belief that there were in fact two lawsuits until Plaintiff's counsel stated otherwise. Record Document 9-4, pp. 1, 14. The result is a confusing set of interrogatories and answers, where some of Defendants' answers are specifically addressed to the Mansfield store, even though the case number in the caption indicates Defendants are responding to the petition filed against the Shreveport store, and some of the questions are specifically addressed to the "City of Shreveport store." Record Document 9-3, pp. 2-9. Other answers contend that Defendants have no knowledge to answer certain questions because they "were not aware of plaintiff's alleged fall at the City of Shreveport Store until service of the Petition," although Plaintiff contends that she sent letters to both the Shreveport store and the Mansfield store in early May, 2015, shortly after the accident, notifying both stores of the claims. Record Document 9-3, p. 5.

Plaintiff also asserts that the motion for summary judgment is premature because Defendants have not provided a list of which employees were working at the Shreveport store at the time of Plaintiff's fall. Defendants' answer to Plaintiff's interrogatory on this point states that they "will identify the relevant personnel working the shift at the time when plaintiff alleges that she fell and will supplement their

responses accordingly." Record Document 9-3, p. 4. During Plaintiff's deposition, she alleged that she fell between 2:00 p.m. and 4:00 p.m. Record Document 6-2, p. 6. Defendants apparently have not supplemented their responses. Plaintiff's counsel, in his affidavit, states that identifying those employees would allow him to depose them as to whether they had actual or constructive notice of a liquid on the floor that caused Plaintiff's fall. Record Document 9-2, p. 2.

Finally, Plaintiff alleges that the motion for summary judgment is premature because Defendants have not produced requested surveillance videos from the Shreveport store on the day of Plaintiff's alleged fall. Record Document 9, p. 5. In response to the request for production of any surveillance videos, Defendants responded that they were "not aware of any photographs or video footage of plaintiff's alleged fall." Record Document 9-3, p. 8. Plaintiff contends such an answer gives rise to a concern of spoliation of evidence, since Plaintiff notified Defendants of her injury in the letter dated May 7, 2015, only a few weeks after the fall. Record Document 9, p. 5. Defendants' interrogatory answers state that they had no notice of the alleged fall in the Shreveport store until the petition was filed in April 2016, suggesting they may not have received the letter Plaintiff claims to have sent. Record Document 9-3, p. 5. The Court need not pass judgment what is, at this point, only speculation. The Court need only determine whether Plaintiff has shown that she is unable to marshal facts necessary to her defense, and specifically explain how additional discovery could create a genuine dispute of material fact. Plaintiff has satisfied this burden.

Both parties agree that Plaintiff is required to show that Defendants created or had actual or constructive notice of the spilled liquid that allegedly caused Plaintiff's fall. Because of the confusion created by Plaintiff's mistake as to the location of the fall and the relatively quick pace at which this litigation has proceeded, discovery did not provide Plaintiff with a meaningful opportunity to determine whether there are facts that could show that Defendants created or had actual or constructive notice of a spilled liquid on April 24, 2015 at the Shreveport Wal-Mart store. Plaintiff's counsel has specifically sworn that additional discovery could lead to facts necessary to oppose a motion for summary judgment, including Defendants' answers to discovery specifically related to the Shreveport store, facts that might be obtained from employees working at the Shreveport store, and facts related to when the Shreveport store had notice of Plaintiff's claim and whether video evidence at the Shreveport store existed or should have been preserved. Such evidence could create a genuine dispute of material fact. The motion for summary judgment is therefore premature.

### III. Conclusion

For the reasons discussed above, Defendants' motion [Record Document 6] is **DENIED**. Defendants may re-urge their motion once discovery has been completed. This matter is **REFERRED** to the Magistrate Judge for a scheduling conference. The Magistrate Judge may choose to allow for discovery limited to only those issues discussed in the Rule 56(d) request.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of May, 2017.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE