# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **STACEY WASHINGTON** | : | **DOCKET NO. 16-CV-01403** |
| | : | |
| **VERSUS** | : | **JUDGE ELIZABETH E. FOOTE** |
| | : | |
| **WAL-MART STORES, INC. AND** | : | |
| **WAL-MART LOUISIANA, LLC** | : | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM IN SUPPORT OF WAL-MART LOUISIANA, LLC'S RENEWED MOTION FOR SUMMARY JUDGMENT

BLANCHARD, WALKER, O'QUIN & ROBERTS
(*A Professional Law Corporation*)

By:    /s/Paul M. Adkins
       Paul M. Adkins, LA Bar #14043


333 Texas Street – Suite 700 (71101)
P.O. Drawer 1126 (71163)
Shreveport, Louisiana
318/221-6858
Fax:  318/ 227-2967
Email: padkins@bwor.com


ATTORNEYS FOR DEFENDANT,
WAL-MART LOUISIANA, LLC.

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

PROCEDURAL BACKGROUND.....................................................................................1

I.     INTRODUCTION .....................................................................................................2

II.    LEGAL PRINCIPLES TO BE APPLIED ................................................................3

III.   UNDISPUTED MATERIAL FACTS .......................................................................4

IV.   ARGUMENT ............................................................................................................8

        A.     To Survive Summary Judgment, Plaintiff Must Come Forward
             With Evidence Proving that Walmart Created the Condition or Had
             Actual or Constructive Notice of the Condition ......................................................8

        B.     Plaintiff's Claims Are Based on Mere Speculation Which is
             Insufficient to Defeat Summary Judgment ...........................................................11

             1)     Plaintiff speculates that the substance was on the floor at
                   least ten (10) minutes prior to her fall.......................................................11

             2)     Plaintiff speculates that some of the cashiers should have
                   seen the clear liquid from their cash registers............................................12

        C.     Walmart Has Demonstrated that It Had No Actual or Constructive
             Notice of the Alleged Condition and that it Uses  Reasonable Care
             to Keep its Premises Free and Clear of Hazards on it Floors ...............................14

        D.     The Issues Raised in Plaintiffs' Previous Opposition have Been
             Resolved................................................................................................................16

V.    CONCLUSION.......................................................................................................18

## <u>**TABLE OF AUTHORITIES**</u>

### <u>Cases</u>

*Abshire v. Hobby Lobby Stores, Inc.*, 2009 WL 1310893 (W.D. La. May 7, 2009) .................. 11

*Allen v. Wal-Mart Stores, Inc.*, 37,352 (La. App. 2 Cir. 6/25/03),
    850 So.2d 895 ........................................................................................................ 4, 9

*Bagley v. Albertsons, Inc.*, 492 F.3d 328 (5th Cir. 2007) ............................................. 4

*Beard v. Dollar Genearl Stores, Inc.*, 2005 WL 399514 (E.D. La. Feb. 17, 2005)..................... 12

*Boles v. Wal-Mart Stores, Inc.*, 2016 WL 3448609 (M.D. La. June 17, 2016) ..................... 11, 12

*Connelly v. Veterans Administration Hospital*, 2014 WL 2003093 *4 (E.D. La.
5/15/14) ................................................................................................................ 16

*Davis v. Wal-Mart Louisiana, LLC*, 2016 WL 4077236
    (W.D. La. July 29, 2016) .................................................................................... 4, 10

*Finley v. Racetrac Petroleum, Inc.*, 48,923 (La. App. 2d Cir 4/9/14),
    137 So.3d 193 ....................................................................................................... 4

*Grantham v. Eldorado Resort Casino, Shreveport*, 49,474 (La. App. 2 Cir. 11/19/14),
    152 So.3d 1028, *writ denied*, 160 So.3d 2190 (La. 3/6/16) ................................ 4, 14

*Gregory v. Brookshire Grocery Store Co.*, 45,070 (La. App. 2 Cir. 4/21/10),
    35 So.3d 458 ........................................................................................................ 3

*Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99),
    733 So.2d 1188 .............................................................................................. 4, 9, 13

*Menges v. Cliffs Drilling Co.*, 2000 WL 765082, at *1 (E.D.La. June 12, 2000)................... 16

*Noel v. Target Corp. of Minns.*, 2007 WL 2572308 (W.D. La. Sept. 5, 2007) .................... 10

*Vick v. Tex Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975) ................................ 17

*Watson v. TJ Maxx*, 2009 WL 1940976 (E.D. La. July 6, 2009)..................................... 12

*White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97),
    699 So.2d 1081 .................................................................................. 4, 8, 11, 12, 13

*Willis v. Dolgencorp LLC*, 2013 WL 6205133 (W.D. La. Nov. 26, 2013 ...................................... 3

*Wyatt v. Target Corp. of Minnesota*, 2012 WL 5866575
    (W.D. La. Nov. 19, 2012).................................................................................................. 4, 9

## **<u>Louisiana Revised Statutes</u>**

Louisiana's Merchant Liability Statute,
    La. R.S. 9:2800 ................................................................................................... 2, 3, 12, 13, 18

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **STACEY WASHINGTON** | : | **DOCKET NO. 16-CV-01403** |
| | : | |
| **VERSUS** | : | **JUDGE ELIZABETH E. FOOTE** |
| | : | |
| **WAL-MART STORES, INC. AND** | : | |
| **WAL-MART LOUISIANA, LLC** | : | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM IN SUPPORT OF WAL-MART LOUISIANA LLC'S RENEWED MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT**:

NOW INTO COURT, through undersigned counsel, comes defendant, WAL-MART LOUISIANA, L.L.C. ("defendant" or "Walmart"), who respectfully submits that it is entitled to summary judgment for the reasons set forth hereafter:

## PROCEDURAL BACKGROUND

Walmart previously filed a Motion for Summary Judgment ("Motion") (Rec. Doc. 6). Stacey Washington ("plaintiff") opposed the Motion (Rec. Doc. 9), arguing, in part, that some of Walmart's discovery responses were incomplete and that she did not have adequate time to conduct discovery.  The Court issued a ruling (Rec. Doc. 13) denying Walmart's Motion, but stating that Walmart could re-urge its motion once discovery has been completed.

Following a scheduling conference, the Court set a deadline for the completion of discovery (Rec. Doc. 18), which was extended to February 6, 2018  (Rec. Doc. 20), and again to March 6, 2018 (Rec. Doc 24).   During that time, Walmart supplemented and amended its

- 1 -

discovery responses to address the issues raised by plaintiff, and plaintiff deposed four Walmart employees.  Plaintiff has not suggested that Wal-Mart's supplemental and amended discovery responses are in any way deficient, and plaintiff has requested no additional depositions of Walmart employees.  The deadline for discovery and discovery motions has now passed, and there are no pending discovery motions or discovery requests.

## I. INTRODUCTION

This claim arises out of an alleged slip and fall accident that occurred on April 24, 2015, at the Mansfield Road Wal-Mart store located in Shreveport, Louisiana (the "Store").  Plaintiff contends that Wal-Mart breached its duty to exercise reasonable efforts to keep its premises free of damage-causing conditions which might reasonably give rise to injury and failing to warn of such damage-causing conditions.

As set forth more fully hereafter, plaintiff cannot sustain her burden of proof in this case. Pursuant to Louisiana's Merchant Liability statute, La. R.S. 9:2800.6, which governs all negligence actions against merchants for damages resulting from injuries sustained in slip and fall accidents, the plaintiff must establish not only the existence of a dangerous condition that caused the fall, but that the defendant merchant either created the condition, or had actual or constructive notice of the condition for some period of time prior to the occurrence.  Plaintiff cannot satisfy this burden.  As such, there is no genuine issue of material fact and defendants are entitled to summary judgment, dismissing the plaintiff's claims and demands with prejudice, at her cost.

## II.  LEGAL PRINCIPLES TO BE APPLIED

A merchant owes a duty to persons who use its premises to exercise reasonable care to keep its aisles, passageways and floors in a reasonably safe condition.  La. R.S. 9:2800.6(A).  In a negligence action against a merchant for damages resulting from a slip and fall, the claimant has the burden of proving, in addition to all other elements of her cause of action, all of the following:

1.   The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2.   The merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence; and

3.   The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).[1]  The failure to prove any of these factors is fatal to the plaintiff's claim. *Gregory v. Brookshire Grocery Store Co*., 45,070 (La. App. 2 Cir. 4/21/10), 35 So.3d 458,461. Accordingly, the plaintiff in this case must not only prove that she sustained damages as a result of a damage-causing condition existing on Walmart's premises, but also that Walmart "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence," and that Walmart "failed to exercise reasonable care."

"'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."  La. R.S. 9:2800.6(C)(1).  Louisiana courts will not infer constructive notice without a positive showing by a claimant that the damage-causing condition existed for some time before

---

[1]La. R.S. 9:2800.6 governs all negligence actions against merchants for damages resulting from injuries sustained in slip and fall accidents.  A thorough discussion of why La. R.S. 9:2800.6 alone applies to cases where a customer falls on a merchant's property is found in *Willis v. Dolgencorp LLC*, 2013 WL 6205133, *9-10 (W.D. La. Nov. 26, 2013).

the fall.  *White v. Wal-Mart Stores, Inc.,* 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084; *Kennedy v. Wal-Mart Stores, Inc.,* 98-1939 (La. 4/13/99), 733 So.2d 1188, 1190.[2]  Mere speculation or suggestion is not sufficient to meet the heavy burden of proof required by the statute.  *See Grantham v. Eldorado Resort Casino, Shreveport,* 49,474 (La. App. 2 Cir. 11/19/14), 152 So.3d 1028, 1033, *writ denied,* 160 So.3d 1290 (La. 3/6/15), *citing Finley v. Racetrac Petroleum, Inc.,* 48,923 (La. App. 2d Cir. 4/9/14), 137 So.3d 193.   In that regard, courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are "'no more likely than any other potential scenario.'"  *Bagley v. Albertsons, Inc.,* 492 F.3d 328, 330 (5th Cir. 2007), *quoting Allen v. Wal-Mart Stores, Inc.,* 850 So.2d 895, 898-99 (La. App. 2d Cir.2003).

In addition, the defendant merchant is never required to make a positive showing that the complained of condition did not exist prior to the fall.  *Wyatt,* 2012 WL 5866575 at *3, *citing Kennedy,* 733 So.2d at 1190.  "To require such a showing is an impermissible shifting of the burden to the merchant, which is not provided for by the statute."  *Id.,* *citing White,* 699 So.2d at 1084.

In this case, plaintiff cannot establish any condition that presented an unreasonable risk of harm, or that Walmart either created, or had notice of, the condition giving rise to plaintiff's fall.

### III.  UNDISPUTED MATERIAL FACTS

In support of its Motion for Summary Judgment, Walmart has submitted a Statement of Uncontested Material Facts ("St."), along with deposition excerpts of plaintiff and Affidavits

---

[2]*See also, Davis v. Wal-Mart Louisiana, LLC,* 2016 WL 4077236 *2 (W.D. La. July 29, 2016); *Wyatt v. Target Corp. of Minnesota,* 2012 WL 5866575 *3 (W.D. La. Nov. 19, 2012).

from Carol Conway and Scott Harnden, both Walmart employees.  Assuming *arguendo*, for the purposes of this Motion only, that plaintiff indeed fell at the Store, the following material facts are not in dispute and are summarized below.

Plaintiff's lawsuit arises out of a fall that occurred, at the Shreveport Walmart store, located on Mansfield Road (the "Store"); plaintiff was not sure of the date or time as the accident, but believes it was sometime between 2 p.m. and 4 p.m. on April 24, 2015.  (St. at ¶1).  Plaintiff was accompanied by her foster child and a social worker but cannot remember either one's name.  Plaintiff fell about five (5) to seven (7) steps away from a cashier station in the front of the Store.  (*Id*. at ¶2).  Plaintiff did not see what caused her to fall.  (*Id*. at ¶3).  Plaintiff does not know what caused her to fall, but *guesses* that she slipped on something that was liquid because her dress was wet from the fall and also *guesses* it was clear because she did not see anything on the floor before or after the fall.  (*Id*. at ¶4).  Plaintiff does not know how the substance got on the floor.  (*Id*. at ¶5).  Plaintiff does not know how long the substance had been on the floor.  (*Id*. at ¶6).  Plaintiff does not know if it rained that day before she left the Store.  (*Id*. at ¶7).  Plaintiff waited in line to check out about ten (10) minutes behind several other customers and during that time she did not see anyone slip or fall.  (*Id*. at ¶8).  Plaintiff left the Store immediately after her fall without reporting the fall to a Walmart Employee.  (*Id*. at ¶9).

The Store has no record of plaintiff's fall, despite the fact that the Store has procedures for reporting, investigating and maintaining evidence regarding customer falls, whether or not reported by the customer.  (*Id*. at ¶¶10-11).

All of the Store's employees are responsible for the continuous inspection of the Store for floor hazards, including spills, and are required to immediately remedy the problem if one is

found.  (*Id*. at ¶12).   In addition, the Store routinely follows a strategic maintenance plan, including on April 24, 2015, designed to quickly identify and remove any spills or other hazards ("spill/hazard") in the Store.  (*Id*.).  It is Store procedure that a spill/hazard must be cleaned or removed ("cleaned/removed") immediately, if possible.  (*Id*. at ¶13).  If not, an employee must guard the spill/hazard until it is cleaned/removed. (*Id*.).  There are various clean-up stations around the Store equipped with paper towels, dry mops, buckets and warning cones for employees' use.  (*Id*. at ¶14).  However, the maintenance employees carry mops and paper towels with them in order to quickly remove any spill/hazard from the floor.  (*Id*.).  Furthermore, managers and maintenance employees are equipped with walkie-talkies that can be used to seek assistance.  (*Id*.).  The Store does not create or maintain records of clean-ups unless it is associated with an occurrence, such as a slip and fall.  (*Id*. at ¶15).

The area where plaintiff claims to have fallen, near a cashier station in the front of the Store, is referred to as the "front-end area" of the Store.  (*Id*. at ¶16).  The front-end area consists of the entrance vestibule areas, customer service areas, leased department entrances and the areas in the front of the store, including the cashier stations and the areas in front and behind the cashier stations.  (*Id*.).  Each cashier station is equipped with paper towels and any cashier that sees a spill/hazard is responsible to clean it up or ask for assistance from maintenance, but must guard it until it is cleaned/removed.  (*Id*. at ¶17).  Defendant cannot identify the cashier that checked out plaintiff without a receipt.  (*Id*. at ¶18).

The time frame that plaintiff claims to have fallen, 2:00 – 4:00 p.m. on a weekday, is not a "high traffic" time at the Store.  (*Id*. at ¶19).  On the afternoon of April 24, 2015, Carol Conway was working as a Zone Manager of the front-end area of the Store the afternoon that

plaintiff claims that she fall.  (*Id*. at ¶20).  Ms. Conway's responsibilities include overseeing employees and operations in her assigned area.  (*Id*.).  As part of her overall duties, she must keep a look out for any spill/hazard and have it cleaned/removed according to the Store's procedure.  (*Id*.).  Various employees are under Ms. Conway's supervision as a Zone Manager of the front-end area, including the cashiers.  (*Id*. at ¶21).

Ms. Conway has no recollection of the events plaintiff contends occurred on April 24, 2015.  (*Id*. at ¶22).  However, as a Zone Manager, Ms. Conway routinely follows and enforces the Store's reporting procedures.  (*Id*.).  In that regard, had she seen a customer fall on April 24, 2015, she would have filed a report.  (*Id*.).  Furthermore, had someone slipped and fell in the front area, in the view of any of the cashiers, they are required by Store procedures to report the incident.  (*Id*.).  As a Zone Manager, Ms. Conway routinely follows and enforces the Store's strategic maintenance procedures designed to quickly identify and remove any spill/hazard.  (*Id*. at ¶23).  If Ms. Conway had seen a spill/hazard on the floor on April 24, 2015, she would have cleaned it up, or asked for assistance.  (*Id*.).  As per Store procedure, if she could not immediately clean up the spill/hazard, she would have stood by it until it was cleaned it up. (*Id*.).  Ms. Conway expects the cashiers to do the same.  (*Id*.).

In the event of inclement weather, the Store routinely follows an inclement weather plan wherein some of the employees that service the front-end area of the Store are responsible to put down large floor mats in the entrance area of the Store, as well as caution cones.  (*Id*. at ¶24).  As a Zone Manager for the front area, Ms. Conway follows and enforces the Store's written inclement weather plan.  (*Id*. at ¶25).  As part of the inclement weather plan, greeters, who are employees that stand near the entrances and greet customers, are also responsible for handing out

umbrella bags to customers, to monitor the floors for the presence of water, and to keep a mop readily accessible to quickly remove water from the floor.  (*Id*. at ¶26).  As an additional safety measure, the flooring found in the front of the store is designed to help reduce the risk of falls, even when wet, as it has a non-slip, textured design.  (*Id*. at ¶27).  Furthermore, the entrance vestibule flooring is textured in a manner to shake water off carts being brought in from the rain. (*Id*.).

## IV.  ARGUMENT

### A.     To Survive Summary Judgment, Plaintiff Must Come Forward With Evidence Proving that Walmart Created the Condition or Had Actual or Constructive Notice of the Condition.

Plaintiff cannot sustain her burden of proving that Walmart either created or had notice of any dangerous condition.  The seminal case discussing the temporal element required to show that a merchant had constructive notice of a hazard is *White, supra*, wherein the Louisiana Supreme Court reversed a judgment in favor of an injured plaintiff who claimed that a merchant had constructive notice of a "clear liquid" spilled on the floor in the store where plaintiff slipped and fell.  *White*, 699 So.2d 1081.  The Court based its ruling on its finding that the plaintiff "produced no evidence as to how long the spill had been on the floor."  *Id*.  In so doing, the Court explained as follows:

> There is no bright line time period.... Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition exited for some time period prior to the fall. This is not an impossible burden.

*Id*.

In *Kennedy v. Wal-Mart Stores, Inc, supra,* a plaintiff shopping at a Walmart store slipped in what appeared to be a puddle of water near the cash registers at the front of the store. *Kennedy,* 733 So.2d at 1189.  In a bench trial, the plaintiff testified that it was raining the evening that he slipped and that, although the plaintiff did not see any puddle on the floor prior to falling, his pants were wet after he rose from the floor.  *See Id.*  The trial court found in plaintiff's favor and a Louisiana intermediate appellate court affirmed, finding that defendant had constructive notice of the puddle.  *Id*. at 1189-90.  However, the Louisiana Supreme Court reversed finding that "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident" and held, therefore, that plaintiff had not carried his burden of proving that the merchant had constructive notice of the condition.  *Id*. at 1191; *see also, Allen v. Wal-Mart Stores, Inc. supra*, (appellate court affirmed summary judgment in a slip and fall case failed to present any evidence suggesting the liquid was on the floor for some period of time before the fall).

In *Wyatt v. Target Corporation of Minnesota*, *supra*, Judge Donald Walter entered summary judgment for defendant against plaintiff's claim for damages arising out of a slip and fall.  *Wyatt*, 2012 WL 5866575 at *1.  Plaintiff claimed that she was injured when she slipped and fell in a puddle of liquid in a Target store.  *Id*.  Just as in this case, Plaintiff testified that she had not seen the liquid prior to the fall, but after falling, she noticed a clear puddle of liquid on the floor.  *Id*.  Plaintiff testified that she had no idea where the liquid came from or how long it had been on the floor and she provided no information in opposition to Target's motion for summary judgment that would indicate Target had actual or constructive notice of the liquid

prior to plaintiff's fall.  *Id*. at *4.  Judge Walter held, "[i]n the absence of any evidence to suggest how the liquid came to be on the floor or how long it had been there, Ms. Wyatt has failed to raise a genuine issue of material fact as to constructive notice."  *Id*.

Likewise, in *Davis v. Wal-Mart Louisiana, LLC, supra,* Judge Maurice Hicks, Jr., entered summary judgment on Walmart's behalf against plaintiff's claim for injuries suffered in a slip and fall in a Walmart store.  Plaintiff claimed that she was injured when she slipped on a clear plastic bag on a wet floor.  *Davis,* 2016 WL 4977236 at *1.   Plaintiff had admitted in her deposition that she did not know how long the condition had existed or how that plastic bag had gotten on the floor.  *Id*.  In opposition to the motion for summary judgment, plaintiff argued that she did not need to prove by eyewitness testimony that the condition existed for a certain amount of time.  *Id*.  Rather, she argued that she could show constructive notice by the fact that Walmart had a policy requiring employees to maintain a "safe environment" for its customers, yet they allowed a damage-causing condition to exist on the store's floors.  *Id*.

In granting summary judgment, Judge Hicks held that it was plaintiff's burden to prove that the condition had existed for "some period prior to the fall," rather than defendant's burden to make a positive showing of the absence of the existence of the condition prior to the fall.  *Id*. at *2, *citing Noel v. Target Corp. of Minns.*, 2007 WL 2572308 *2 (W.D. La. Sept. 5, 2007).  In that regard, Judge Hicks noted that plaintiff had not produced any witnesses or evidence to show how or when the water and plastic bag came to be on the floor.  *Id*. at *3.  Thus, Judge Hicks held:  "In the absence of any positive evidence indicating how the water was spilled onto the floor or that the water and plastic bag were on the floor for such a period of time that Wal-Mart should have discovered their existence, Plaintiff has failed to raise a genuine issue of material

- 10 -

fact as to constructive notice." *Id.; see also, Abshire v. Hobby Lobby Stores, Inc.,* 2009 WL 1310893, *3 (W.D. La. May 7, 2009) (summary judgment granted where plaintiff testified that she did not notice the spill on the floor prior to her fall, she did not know how long it was on the floor prior to her fall, and she knew of no one who could testify as to how long it was on the floor before her fall).

### B.  Plaintiff's Claims Are Based on Mere Speculation Which is Insufficient to Defeat Summary Judgment.

Plaintiff's claims are based on mere speculation.  Plaintiff did not see what caused her fall and does not know what caused her fall.  Rather, plaintiff speculates it was a clear, liquid substance.  However, plaintiff does not know how the substance got on the floor or how long the substance was on the floor prior to her fall.  Thus, even if plaintiff established that a damage-causing condition existed, she cannot carry her burden of proving constructive notice without an additional showing that the condition existed for some time before the fall.

### 1.  Plaintiff Speculates that the Substance was on the Floor at least Ten 10) Minutes Prior to her Fall.

Plaintiff testified that the area where she fell was about five (5) to seven (7) steps from the cashier station where she purchased merchandise and that she could see the area during the ten (10) minutes that she waited in the check-out line.  (St. at ¶¶2 and 8).  Plaintiff concluded that the condition must have existed for at least ten (10) minutes before she fell because she did not see anyone spill anything in that area while she was waiting in line to check out.  (*Id.*).

Plaintiff cannot prove constructive notice by a negative inference.  *White*, 699 So.2d at 1086.  Showing the absence of a cause of an alleged condition prior to a fall is not a positive showing that the condition must have existed during that time frame.  *See id.; Boles v. Wal-Mart*

*Stores, Inc.,* 2016 WL 3448609 *5 (M.D. La. June 17, 2016) (video footage that no spill occurred within a certain time before a fall is not a positive showing that the spill must have existed prior to that time); *Watson v. TJ Maxx,* 2009 WL 1940976, at *3 (E.D. La. July 6, 2009) (rejecting plaintiff's 'negative' reasoning that if plaintiff was in bathroom for 2-3 minutes and if only other person who walked through hallway during another employee's fifteen minute break did not drop the piece of paper on which plaintiff slipped, then piece of paper must have been on the floor for a long period of time.); *Beard v. Dollar General Stores, Inc*., 2005 WL 399514 *3 (E.D. La. Feb. 17, 2005) (rejecting as speculative plaintiff's contention that the object upon which she slipped "had to be on the floor for ten to fifteen minutes because no one was present in the aisle with her.").   To allow an inference based on speculation and negative reasoning impermissibly shifts the burden to the defendant merchant to prove that the alleged damage-causing condition did not exist prior to plaintiff's fall.  *White,* 699 So.2d at 1086.  Therefore, the fact that plaintiff did not see any activity that caused the condition on the floor while she was waiting in line is not evidence that the condition existed for any period of time.

> 2.     Plaintiff speculates that some of the cashiers should have seen the clear
>         liquid from their cash registers.

Plaintiff claims that the cashier that checked her out, and some of the other cashiers, faced the area where plaintiff fell, and, therefore, that they should have seen the clear, liquid on the floor, despite the fact plaintiff did not see it.  (See Exhibit 1 at 124:20-22).  Louisiana law does not impose liability on a merchant for a damage-causing condition, merely because an employee was near the condition.  *Boles*, 2016 WL 3448609 at *3, *citing* La. R.S. 9:2800.6(C)(1).  "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the

employee knew, or in the exercise of reasonable care should have known, of the condition."  La.

R.S. 9:2800.6(C)(1),  In that regard, the claimant must prove, not only that the employee was

located at such a vantage point that he/she could have seen the condition, but that it existed for

such a period of time that the employee should have discovered it by the exercise of ordinary

care.  *White*, 699 So.2d at 1085-86.

In *White,* plaintiff presented evidence that defendant's employee was only fifteen feet

away from the spill and "'could have noticed the spill.'"  *White*, 699 So.2d at 1085-86.  The

Louisiana Supreme Court held that the plaintiff must prove that the employee actually saw the

condition, or in the exercise of ordinary care should have seen the condition, which requires

evidence of the temporal element of constructive notice.  *Id*. at 1085.  The Court entered

summary judgment on defendant's behalf because the plaintiff did not present any evidence

showing that the employee should have noticed the condition, as it was admittedly a clear liquid

substance that plaintiff and those accompanying plaintiff did not even notice, and because there

was no evidence of the temporal element.  *Id*. at 1085-85.

Likewise, in *Kennedy, supra,* the plaintiff produced evidence showing that the general

area where he fell was within view of a customer service podium and that it was raining on the

evening in question.  *Kennedy*, 733 So.2d at 1191.  However, the plaintiff presented no evidence

as to the length of time the puddle was on the floor before his accident.  *Id.*  Consequently, the

Louisiana Supreme Court held that plaintiff had not carried his burden of proving the defendant

merchant's constructive knowledge of the condition.  *Id*.  Therefore, in this case, the fact that

cashiers were in the area where plaintiff fell, with some facing the area, without any evidence

establishing the temporal element is insufficient to show constructive notice.

**C.    Walmart Has Demonstrated that It Had No Actual or Constructive Notice of the Alleged Condition and that it Uses Reasonable Care to Keep its Premises Free and Clear of Hazards on it Floors.**

Defendants have submitted evidence that they have no specific information about plaintiff's fall.   The absence of a report is hardly surprising, since plaintiff never filled out any kind of report at the store.  She simply left.  St. ¶ 9.

According to Mr. Harnden, the Store's General Manager, the Store procedure requires employees to report any customer fall, in writing, regardless of whether the customer reports the fall and requires an immediate Store investigation.  All reports and other information gathered in an investigation are preserved by the Store for well over a year.  Mr. Harnden testified that he searched the Store's records and did not locate any reports of a slip and fall for plaintiff or locate any reports of any falls occurring at the Store on April 24, 2015.  The fact that there were no reports of a fall that day, especially in the area where plaintiff claims to have fallen, supports summary judgment.  *See Grantham,* 152 So.3d at 1035(upholding summary judgment in favor of the defendant because plaintiff failed to make a positive showing of notice, while the defendant submitted evidence that there were no other slip and falls in the area where plaintiff fell on the day that plaintiff fell).  Furthermore, Walmart submitted evidence that it exercises reasonable care to keep its floors dry and to discover spill/hazards on its floors.

According to Mr. Harnden, all of the Store's employees are responsible for the continuous inspection of the Store for floor hazards including spills, and are required to immediately remedy the problem if one is found.  In addition, the Store routinely follows a strategic maintenance plan, including on April 24, 2015, designed to quickly identify and remove any spills or other hazards ("spills/hazards") in the Store wherein specific management and

maintenance employees are designated as having personal responsibility for monitoring and cleaning up any spill/hazard in particular areas of the Store.  Zone Manager Carol Conway was responsible for the "front-end area" of the Store, which is the area where plaintiff fell on April 24, 2015.  Ms. Conway testified that she routinely follows and enforces both the Store reporting requirements and the Store strategic maintenance procedures.  Ms. Conway testified that had she seen anyone fall, she would have reported the fall. Likewise, had she seen any liquid on the floor in her area, she would have immediately cleaned it up, or would have guarded it until it was cleaned up.  Ms. Conway testified that she would expect no less from the employees under her supervision.

In addition, Mr. Harnden testified that, in the event of rain, the Store has an inclement weather policy that it routinely follows to keep the front area dry.  Ms. Conway testified that as a Zone Manager of the front-end area, she routinely follows and enforces the inclement weather policy and had it rained that day, there would have been large floor mats and warning cones set out in the entrance areas and increased monitoring for water on the floor which would have been quickly removed with a dry mop.   According to Mr. Harnden, as an additional safety measure, the flooring found in the front of the store is designed to help reduce the risk of falls, even when wet, as it has a non-slip, textured design.  Furthermore, the entrance vestibule flooring is textured in a manner to shake water off carts being brought in from the rain.

In sum, there is scant evidence at best that a damage-causing condition even existed, and there is no evidence showing that the condition existed for any period of time.  Allowing plaintiff to sustain her burden of proof based on speculation and negative inferences would impermissibly place the burden of proof on the defendant.   Therefore, this Court should enter summary

- 15 -

judgment on defendants' behalf as plaintiff cannot prove a damage-causing condition even existed, much less make a positive showing that the condition existed for some period of time prior to her fall.

      **D.**    **The Issues Raised in Plaintiffs' Previous Opposition have Been Resolved.**

Walmart provided timely supplemental and amended replacement answers and responses to address the issues raised in plaintiff's previous opposition (Rec. Doc.  9)  Specifically, Walmart revised its responses so that all relate to the Shreveport store on Mansfield Road, and further it provided the names of all employees working during the 2:00 to 4:00 pm time frame of plaintiff's alleged incident.  Plaintiff deposed four of those employees, including Carol Conway and Scott Harnden.  The deadline for discovery and discovery motions has now passed, and the plaintiff has not raised any objections to Walmart's responses, and requested no additional depositions at Walmart employees.  There are no discovery motions pending.

It is expected that the plaintiff will attempt to escape summary judgment by asserting spoliation of evidence, since Walmart does not have any video of the incident from the Store and did not perform an investigation of the incident at the Store in Shreveport.  However, for the reasons below, any spoliation argument cannot be supported.

The spoliation of evidence doctrine concerns the ***intentional*** destruction of evidence. *Menges v. Cliffs Drilling Co.*, 2000 WL 765082, at *1 (E.D.La. June 12, 2000). For the Court to provide a negative inference, plaintiff must show: (1) that Defendant had an obligation to preserve the evidence; (2) bad faith on the part of Defendant; and (3) the likely contents of the evidence. *Id*. at 2; *Connelly v. Veterans Administration Hospital*, 2014 WL 2003093 *4 (E.D. La. 5/15/14).

- 16 -

This court is already aware of and has noted the confusion that resulted from plaintiff's counsel sending a letter to the Walmart store in Mansfield, La, and saying that he sent an identical letter to the store on Mansfield Road in Shreveport, La, advising that he was representing the plaintiff for a fall that occurred in that store, and then filing two separate lawsuits, before ultimately dismissing the lawsuit regarding the Mansfield, La store.   (Rec. Doc. 13, pg. 1-2).    Walmart contends it never received the letter that plaintiff's counsel says was sent to the Shreveport store. (Harnden Depo., pg. 39; Ex. 4)  Plaintiff was aware from correspondence between plaintiff's counsel and Walmart's Claims Department, that the claim was being investigated as if it had occurred in the *Mansfield Store*, not the Shreveport Store. (Rec Doc 10-1; Rec. Doc. 10-2, Boston Aff. at ¶ 7- Exhibit E). Despite the undisputable fact that plaintiff's counsel was aware, at least since May 4, 2015, that Walmart was investigating the fall as if it had occurred at the Mansfield Road Store, plaintiff's counsel made no effort to address his mistake or, otherwise clarify that the fall actually occurred at the Shreveport Store. (*Id*.). Rather, plaintiff's counsel's correspondence continued to identify the fall as having occurred in the Mansfield Store. (*Id*.)

Given this confusion created by plaintiff's counsel, there was no bad faith by Walmart in failing to preserve any evidence from the Shreveport store, and there is an adequate and reasonable explanation for the lack of any investigation. In his Affidavit, Mr. Harnden explained that any report of a fall is investigated and any evidence gathered is preserved for over a year. He is the Custodian of Records and he looked for any information on a fall reported by plaintiff and could not find any record of plaintiff having fallen in the Shreveport Store. Therefore, as per Mr. Harnden's testimony, if video footage is not pulled and preserved, it is routinely recorded over every thirty days. Typically, an inference of bad faith is not found when evidence is destroyed under a routine policy. *Vick v. Tex Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975). Thus, while there may be an issue as to

- 17 -

whether the Shreveport Store received notice of the fall such that it should have conducted an investigation, there is no evidence of bad faith on the part of the Shreveport Store and plaintiff has not explained why she believes that the video footage was intentionally not preserved.   Importantly, plaintiff cannot complain that evidence may have been destroyed when it was plaintiff's own actions that created confusion and plaintiff failed to clarify where the alleged accident occurred or take any action to seek to preserve evidence at the correct store.

## V.  CONCLUSION

For the aforementioned reasons, no genuine issues of material fact exist and Walmart is entitled to judgment as a matter of law on plaintiff's claims brought pursuant to La. R.S. 9:2800.6.  Because there is no evidence that defendants created the damage- causing condition and because plaintiff cannot make any "positive showing" that Walmart had actual or constructive notice of the damage-causing condition, summary judgment in favor of Walmart is appropriate in this matter.

Shreveport, Louisiana this 13th day of March, 2018.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(*A Professional Law Corporation*)

By:     /s/ Paul M. Adkins
        Paul M. Adkins, LA Bar #14043

333 Texas Street – Suite 700 (71101)
P.O. Drawer 1126 (71163)
Shreveport, Louisiana
318/221-6858
Fax:  318/ 227-2967
Email: padkins@bwor.com

ATTORNEYS FOR DEFENDANT,
WAL-MART LOUISIANA, LLC